CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 29, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00517 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **INVESTIGATOR C/O T. DEEL, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Destined George, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendants failed to provide him rights under "PREA," the Prison Rape Elimination Act. Compl. 2, ECF No. 1. I conclude that the § 1983 action must be summarily dismissed.

George's Complaint names as defendants six officials at Red Onion State Prison: Investigator T. Deel, Investigator Gardener, Sergeant Cochran, Sergeant Whitt, Sergeant Osbourne, and Warden D. Anderson. George alleges that on July 17, 2024, Cochran, Whitt, and Osbourne violated PREA "by making sexual harassment statements" that George does not describe or quote in the Complaint. *Id.* at 3. He also says that by making the statements, these defendants "commit[t]ed a loss of liberty violation under the 14th Amendment." *Id.* at 5. George claims that on July 26, 2024, defendants Deel and Gardener refused to

process or investigate his PREA report, thus violating PREA and other constitutional provisions. As relief in this case, George seeks compensatory damages.

George has not prepaid the necessary filing costs to proceed with a civil rights action, so he is requesting in forma pauperis status under 28 U.S.C. § 1915(b), which allows qualifying inmates to pay the filing fee through installments from their inmate trust accounts. After review of George's pleadings, I conclude that he does not qualify to do so because of his prior frivolous filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

George has brought such actions on at least three prior occasions, including *George v. Clevinger*, No. 7:21CV00517 (W.D. Va. Nov. 23, 2022) (motion to dismiss under Fed. R. Civ. P. 12(b)(6) granted); *George v. Colley*, No.

7:23CV00014 (W.D. Va. Aug. 9, 2023) (summarily dismissed under 42 U.S.C. § 1997e(c)); and *George v. Neeley,* No. 7:23CV00818 (W.D. Va. May 9, 2024) (summarily dismissed under 42 U.S.C. § 1997e(c)).  Accordingly, George may not proceed without prepayment of the filing fee unless he has shown that he is in imminent danger of serious physical injury.  § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule only applies when the inmate plaintiff seeks relief from and demonstrates a danger that is imminent at the time he files the complaint.  *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct").  George alleges no impending danger from the alleged sexual harassment statements or the officers' failure to process or investigate his report about those statements.  Indeed, he does not even allege what unconstitutional action Warden Anderson took, so has stated no claim whatsoever against this defendant.

For the stated reasons, I cannot find that George is eligible to proceed under the § 1915(g) exception.  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

                                                DATED:   October 29, 2024

                                                /s/  JAMES P. JONES  
                                                Senior United States District Judge